UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER GABRIEL VALENCIA,

Plaintiff,

v.

KERRY KUNZ, et. al.,

Defendants.

Case No.  1:26-cv-04554-HBK

ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*[1]

(Doc. 2)

FOURTEEN-DAY OBJECTION PERIOD

Plaintiff, a state prisoner at the Corcoran State Prison operated by the California Department of Corrections and Rehabilitation ("CDCR"), commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on June 12, 2026.  (Doc. 1, "Complaint"). Plaintiff moves to proceed *in forma pauperis* ("IFP").  (Doc. 2).  The undersigned recommends that the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has at least three prior actions that qualify as "strikes" and the Complaint does not show that he meets the imminent danger exception.  In addition, because the Complaint and IFP motion contain false statements, the undersigned recommends that this action be dismissed without prejudice instead of Plaintiff being afforded the opportunity of paying the filing fee.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

BACKGROUND AND FACTS

The Complaint names as defendants California Board of Parole Hearings members Kerry Kunz and Brie Delgado, C.F.O. of Medical E. Martin, and M.A.T. Doctor Mehta, and identifies Plaintiff's claims as arising under the Fourteenth Amendment.  (*Id.* at 3, 5, 7).  Liberally construed, Plaintiff alleges he was denied the ability to advance his parole-board hearings because of false urine tests. (*Id.*).

MOTION TO PROCEED IFP

Except for applications for writs of habeas corpus, all civil actions filed in federal district court require payment of a $405.00 filing fee. 28 U.S.C. § 1914(a). A case may proceed without prepayment of this fee only if the court grants leave to proceed IFP under 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

A.  Three Strikes Framework

Under 28 U.S.C. § 1915(g), a prisoner who, on three or more prior occasions while incarcerated, has brought actions or appeals dismissed as frivolous, malicious, or for failure to state a claim may not proceed IFP absent a showing of imminent danger of serious physical injury at the time of filing.  The Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted).  For a dismissal to count as a strike, it must have been a prior occasion—the dismissal order must have been docketed before plaintiff initiated the current case.  *See* § 1915(g).  The court must look to the basis of prior dismissals to ensure it qualifies as a strike.  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  Dismissals for failure to state a claim count as strikes regardless of whether they are with or without prejudice.  *Lomax,* 140 S. Ct. at 1727.

B.  Plaintiff's Qualifying Strikes

The Court takes judicial notice of the following actions filed by Plaintiff that were dismissed as frivolous of for failure to state a claim:

(1) *Valencia v. O'Connell.*, No. 8:14-cv-01085 (C.D. Cal. Aug. 1, 2014);

(2) *Valencia v. O'Connell.*, No. 8:14-cv-01739 (C.D. Cal. Nov. 12, 2014); and

(3) *Valencia v. Clark, et al,*, No. 1:21-cv-00137-JLT-SAB (E.D. Cal. Feb. 8, 2022).

In *Valencia v. O'Connell.*, No. 8:14-cv-01085, after Plaintiff failed to submit a copy of his inmate statement, the court denied IFP status and concluded that Plaintiff's claim was essentially a malpractice/breach of contract claim against private counsel and that Plaintiff could not show counsel was acting under of color of state law, so the action was dismissed as frivolous, malicious or fails to state a claim. Similarly, in *Valencia v. O'Connell.*, No. 8:14-cv-01739, the court again found the defendant was not acting under of color of state law, dismissed the complaint as frivolous, malicious, or for failure to state claim, and concluded that amendment would be futile. These *O'Connell* actions were dismissed for reasons enumerated reasons in § 1915A and therefore each qualify as a strike. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).

In *Valencia v. Clark, et al,*, No. 1:21-cv-00137-JLT-SAB, the district court adopted findings and recommendations concluding that the operative complaint failed to state claim and that Plaintiff failed to prosecute the case after screening and being afforded an opportunity to amend. This dismissal also qualifies as a strike. *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ( "Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

Thus, each of these three dismissals qualifies as a strike for purposes of § 1915(g), even if they were without prejudice. *Lomax*, 140 S. Ct. 1721, 1724.

C.  The Imminent Danger Exception Does Not Apply

A three-strikes prisoner may proceed IFP only if the complaint plausibly alleges that he faced imminent danger of serious physical injury at the time of filing, and that the alleged danger bears a nexus to the legal violations asserted. *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700. The court must construe the complaint's facial allegations liberally, but may disregard allegations that are speculative, conclusory, or fanciful.

3

*Andrews*, 493 F.3d at 1057, fn. 11.  Here, the Complaint alleges no facts suggesting Plaintiff faced imminent risk of serious physical harm when he filed this action.

Because Plaintiff has accrued at least three strikes and the Complaint does not plausibly allege imminent danger of serious physical injury sufficient to invoke the § 1915(g) exception, the undersigned recommends that Plaintiff's motion to proceed IFP be denied.

D.  False Statement on Complaint and IFP Motion

In his signed Complaint Plaintiff states, "I HAVE NO STRIKES I PAID FOR ALL MY SUITS." (Doc. 1 at 2, capitalization in original).   In his IFP motion, Plaintiff declares that he has not received any money in the last twelve months.  (Doc. 2 at 1).  Both statements are false.  As described above, Plaintiff has prior strikes.  Furthermore, Plaintiff's trust fund statement reflects eleven deposits totaling more than $800.00 between January 11, 2026, and June 13, 2026.  (Doc. 6 at 1-2).

Title 28 U.S.C. § 1915(e)(2)(A) provides that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue."  Under Federal Rule of Civil Procedure 11, by signing or filing a paper, a party certifies that, to the best of that person's knowledge, information, and belief, formed after a reasonable inquiry, the filing is not presented for an improper purpose and that factual contentions have evidentiary support.  Fed. R. Civ. P. 11(b)(1), (3).  The Court may sanction violations of Rule 11 and may exercise its inherent authority to sanction bad-faith conduct, including by pro se litigants.  *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996); *Walker v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

A litigant who submits a pleading "exposes himself 'to the pains of perjury in a case of bad faith.'"  *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (quoting *Pothier v. Rodman*, 261 U.S. 307, 309 (1923)).  Fraud on the court constitutes bad-faith conduct that may be sanctioned under the court's inherent authority.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991).  Misrepresentation of assets is sufficient grounds to deny IFP status. *Sekou v. United States*, No. 2:26-CV-00041-JAD-DJA, 2026 WL 893004, at *1 (D. Nev. Mar. 30, 2026) (citing *Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016)).

4

The Court finds that Plaintiff has abused the judicial process by intentionally misrepresenting both his financial status and his litigation history to obtain IFP status. Plaintiff's prison trust account records show eleven deposits totaling more than $800 over the six-month period immediately preceding the filing of this action, yet his sworn IFP application claims he received no deposits during that time. Plaintiff also affirmatively represents that he has "no strikes," despite at least three prior dismissals that qualify as strikes. On these facts, the Court concludes that Plaintiff's bad-faith conduct constitutes abuse of the judicial process and warrants denial of IFP status and dismissal of this action rather than permitting Plaintiff to cure his misrepresentations by paying the filing fee.

Accordingly, IT IS ORDERED:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further RECOMMENDED:

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED under § 1915(g) and the case dismissed without prejudice based on the false statements in the Complaint and IFP motion.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the

waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:    July 2, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE