**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER GABRIEL VALENCIA,<br>Plaintiff,<br>v.<br>KERRY KUNZ, et. al.,<br>Defendants. | Case No. 1:26-cv-04554 JLT HBK (PC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING ACTION WITHOUT PREJUDICE<br>(Docs. 2, 8) |

Plaintiff Christopher Gabriel Valencia is a state prisoner proceeding pro se in this action, in which he requests to proceed *in forma pauperis*. (Doc. 2.) The assigned magistrate judge found that Plaintiff had three dismissals that qualified as strikes under 28 U.S.C. § 1915(g), and the facts alleged in the complaint did not suggest that Plaintiff faced an imminent risk of serious physical harm at the time the complaint was filed. (Doc. 8 at 2-4.) For these reasons, the magistrate judge recommended the motion to proceed IFP be denied. (*Id.* at 4.)

The magistrate judge also found Plaintiff made false statements in his complaint and application to proceed IFP. (Doc. 8 at 4.) Specifically, the magistrate judge observed that Plaintiff stated in his complaint that "I HAVE NO STRIKES," yet the Court's review of his litigation history established that he had dismissals that qualified as strikes. (*Id.*, quoting Doc. 1 at 2 [emphasis in original].) In addition, the magistrate judge noted that "Plaintiff declares that he has not received any money in the last twelve months," but "Plaintiff's trust fund statement

reflects eleven deposits totaling more than $800.00 between January 11, 2026, and June 13, 2026." (*Id.*, citing Doc. 2 at 1, Doc. 6 at 1-2.) The magistrate judge found that "Plaintiff has abused the judicial process by intentionally misrepresenting both his financial status and his litigation history to obtain IFP status." (*Id.* at 5.) The magistrate judge recommended dismissal of the action without prejudice as sanctions for the "bad-faith conduct." (*Id.*)

Plaintiff timely filed objections. (Doc. 10.) Plaintiff argues the identified statements should not be considered perjury. (*See generally id.* at 1-4.) He asserts that he believed that he did not have "strikes" because he previously paid filing fees and/or filing fee encumbrances. (*Id.* at 2, 4.) Plaintiff also argues that he believed the question about funds on the IFP application asked whether he "was generating or capable of generating his 'own' revenue." (*Id.* at 1-2.) Finally, Plaintiff argues that the Court should find he is in imminent danger because prison is a violent environment. (*Id.* at 2-3.)

Plaintiff's objections are unpersuasive. As noted by the magistrate judge, Plaintiff has three qualifying "strikes" resulting from actions that were dismissed as frivolous or for failure to state a claim. The identified dismissals qualify as strikes whether the filing fee was paid. *See Belanus v. Clark*, 796 F.3d 1021, 1029-30 (9th Cir. 2015) (holding that dismissals may qualify as strikes under section 1915(g) even "in paid actions"). Furthermore, the Court is not persuaded that Plaintiff interpreted the IFP application as one inquiring about his ability to generate his own income, as the form plainly asks whether Plaintiff "*received* any money … over the last twelve months" before listing six different sources, including "gifts." (Doc. 2 at 1, emphasis added.) Plaintiff does not show any legal or factual error by the magistrate judge related to the identified false statements.

Finally, to the extent Plaintiff now argues that he is in imminent danger because "prison is a violent [environment]," his argument is unavailing. Plaintiff does not show that he, personally, is in imminent danger of serious physical injury. His generalized allegations of prison danger are insufficient to invoke the exception under Section 1915. *See Foster v. Gamoian*, 2022 WL 2527787, at *3 (E.D. Cal. July 7, 2022) (allegations concerning general risks to prison populations and not specific to a plaintiff "are too conclusory to conclude that [a plaintiff] meets

the imminent-danger requirement"); *see also Harris v. Thornell*, 2026 WL 1256643, at *2 (D. Az. Mar. 6, 2026) ("allegations regarding the general risks to all inmates housed in maximum custody do not plausibly show he is in imminent danger of serious physical injury").

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 2, 2026 (Doc. 8) are **ADOPTED** in full.
2. Plaintiff's application to proceed *in forma paupers* (Doc. 2) is **DENIED**.
3. The action is **DISMISSED** without prejudice.
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: _September 8, 2026_

UNITED STATES DISTRICT JUDGE